# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| VOX MARKETING GROUP, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRODIGY PROMOS L.C., a Utah limited liability company; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18-cv-00632-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendants Prodigy Promos, L.C.; Jason Marsh; Jon Priday; Tyler Fredrickson; Eric Oldson; Spencer Oldson; and Michael Perley's (collectively, "Defendants") motion for contempt and sanctions;[2] and (2) Plaintiff Vox Marketing Group, LLC's ("Plaintiff") motion for a scheduling conference and entry of a scheduling order.[3] The court has carefully reviewed the written memoranda submitted by the parties on those motions. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not

---

[1] *See* docket no. 28.

[2] *See* docket no. 12.

[3] *See* docket no. 39.

necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). The court will address the motions in turn.

I. **Defendants' Motion for Contempt and Sanctions**

This case originated in Utah state court but was later removed to this court.[4] Prior to removal, the state court entered an order on June 13, 2018 ("Order"), which states: "Plaintiff will work with Defendants to allow an independent expert to audit [Plaintiff's] website as it existed in 2016."[5] Subsequent to the entry of the Order, the parties engaged in negotiations concerning the timing and scope of the audit identified in the Order. On July 19, 2018, the parties and their counsel met at Plaintiff's facility to conduct the audit. While the parties have very different interpretations of what happened that day, it is clear that the audit was not completed.

On July 26, 2018, Defendants filed in state court their motion for contempt and sanctions.[6] In that motion, Defendants argue that Plaintiff should be held in contempt and sanctioned for failure to comply with the Order.[7] Plaintiff responded to Defendants' motion in

---

[4] *See* docket no. 2.

[5] Docket no. 12 at 13.

[6] *See* docket no. 12.

[7] In their motion, Defendants assert that Plaintiff may be held in either criminal contempt or civil contempt. However, Defendants' arguments are focused almost exclusively on civil contempt. Indeed, Defendants cite to the rules of civil procedure for guidance in the sanctions they request against Plaintiff. Accordingly, the court will treat Defendants' motion as one seeking civil contempt against Plaintiff.

2

state court on August 9, 2018.[8] This case was then removed to this court on August 10, 2018.[9] Defendants filed their reply in support of their motion in this court on August 16, 2018.[10]

Given that procedural history, and after considering the briefing on Defendants' motion, the court ordered the parties to provide additional briefing on the issue of whether Utah law or federal law applies to Defendants' motion.[11] The parties have completed that briefing,[12] and the court is now prepared to rule on Defendants' motion.

The court first addresses the law applicable to Defendants' motion. The court concludes that it need not decide whether Utah law or federal law is applicable in this instance because, under either legal standard, Defendants' motion fails.

Under Utah law, "[a]s a general rule, in order to prove contempt for failure to comply with a court order it must be shown that the person cited for contempt knew what was required, had the ability to comply, and intentionally failed or refused to do so." *Von Hake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988). Under federal law, "[t]o prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998) (citation omitted). Under either of those standards, Defendants must establish that Plaintiff refused to

---

[8] *See* docket no. 14.

[9] *See* docket no. 2.

[10] *See* docket no. 5.

[11] *See* docket no. 31.

[12] *See* docket nos. 32, 36, 37.

comply with a court order. For the following reasons, the court concludes that Defendants have failed to make that showing.

In their motion, Defendants claim that Plaintiff was required to provide seven specific items in order for Defendants to complete an audit of Plaintiff's website.[13] Importantly, not one of those requirements is listed in the Order. In the court's view, had Defendants wished to require compliance with the terms they unilaterally imposed upon Plaintiff for the audit, Defendants should have ensured that those terms were included in the Order. As noted above, the Order simply stated: "Plaintiff will work with Defendants to allow an independent expert to audit [Plaintiff's] website as it existed in 2016."[14] The court concludes that Plaintiff did "work with Defendants" in an effort to allow an audit of Plaintiff's website to take place.[15] While Defendants take issue with the fact that those efforts did not lead to a successful audit, the Order did not explicitly require a successful audit. In short, given the vague and general nature of the Order, the court cannot say that Plaintiff failed to comply with its terms. Accordingly, Defendants request for an order of contempt is denied.

As part of their motion, Defendants also request the imposition of sanctions against Plaintiff. Because the court has concluded that Plaintiff did not violate the Order, it logically follows that the court will not impose sanctions against Plaintiff. The court's conclusion on that issue would be the same under either Utah law or federal law. *See* Fed. R. Civ. P. 37(b)

---

[13] *See* docket no. 12 at 5.

[14] Docket no. 12 at 13.

[15] *Id*.

4

(allowing for sanctions only when a party fails to obey a court order); Utah R. Civ. P. 37(b) (same). Accordingly, Defendants' request for sanctions is denied.

As a final matter, the court addresses Plaintiff's request for an award of attorney fees incurred in connection with Defendants' motion. Importantly, Plaintiff has not pointed to any specific authority that would permit the court to award such fees. Even putting that aside, the court concludes that an award of attorney fees to Plaintiff is not appropriate under the circumstances.

## II. Plaintiff's Motion for Scheduling Conference and Entry of Scheduling Order

On August 20, 2018, the parties filed a joint motion for a scheduling conference.[16] On October 19, 2018, the court entered an order denying that motion.[17] In that order, the court concluded that, generally, proposed deadlines and other scheduling matters are best left to the agreement of the parties. The court further noted that if the parties could reach an agreement on all scheduling matters, it would conserve resources for both the parties and the court, consistent with Rule 1 of the Federal Rules of Civil Procedure. Accordingly, the court ordered the parties to attempt to stipulate to a proposed scheduling order. The court further ordered that, if the parties were unable to agree, either party could file an appropriate motion with the court concerning scheduling.

Plaintiff then filed the instant motion for scheduling conference and entry of scheduling order. In the motion, Plaintiff has indicated that the parties' efforts to stipulate to a scheduling

---

[16] *See* docket no. 7.

[17] *See* docket no. 30.

5

order were unsuccessful. Plaintiff further indicates that the parties' primary dispute over scheduling relates to whether additional time should be provided to conduct fact discovery. Plaintiff argues that it should be permitted to conduct additional fact discovery, while Defendants assert that no additional time for fact discovery should be allowed.

As an initial matter, the court notes that "[d]istrict courts are properly granted broad discretion over . . . scheduling matters." *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007). A scheduling order may be amended only upon a showing of good cause. *See* Fed. R. Civ. P. 6(b), 16(b)(4). In considering whether a party has established good cause to amend a scheduling order, the court considers the following six factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) prejudice to the nonmoving party, (4) diligence by the moving party, (5) foreseeability of the need for additional discovery in light of the time allowed for discovery, and (6) the likelihood the discovery will lead to relevant evidence. *See Smith v. Elva Group, LLC*, No. 1:13-cv-00028-DS-DBP, 2015 WL 2384037, at *2 (D. Utah May 19, 2015). The court turns to considering those factors in this case.

First, there is no trial date scheduled, so trial is not imminent. This factor weighs in favor of Plaintiff's request.

Second, Defendants have opposed Plaintiff's request. This factor weighs against Plaintiff's request.

Third, the court is not persuaded by Defendants' arguments concerning prejudice. The only prejudice that Defendants have identified is additional cost. Under the circumstances presented here, the court cannot say that additional cost, by itself, amounts to undue prejudice. This factor weighs in favor of Plaintiff's request.

Fourth, given the procedural history of this case, the court cannot say that Plaintiff has failed to be diligent in pursuing discovery. This factor weighs in favor of Plaintiff's request.

Fifth and sixth, given the somewhat recent amendments to Plaintiff's complaint and Defendants' counterclaim, the court concludes that the need for additional discovery was foreseeable and that additional discovery will likely lead to relevant evidence. Both of those factors weigh in favor of Plaintiff's request.

Having considered all of the relevant factors, the court concludes that Plaintiff has demonstrated good cause for amending the scheduling order in the manner it has requested. The court also concludes that a scheduling conference is not necessary and, consequently, the portion of Plaintiff's motion seeking a scheduling conference is denied. However, the portion of Plaintiff's motion seeking entry of a scheduling order is granted. Within fourteen (14) days after the date of this order, Plaintiff shall submit its proposed scheduling order to the court by e-mail to utdecf_warner@utd.uscourts.gov. Upon receipt of that order, the court will review it for reasonableness, make any necessary alterations, then enter an appropriate scheduling order.

## **CONCLUSION AND ORDER**

In summary, IT IS HEREBY ORDERED:

1. Defendants' motion for contempt and sanctions[18] is DENIED.
2. Plaintiff's motion for scheduling conference and entry of scheduling order[19] is GRANTED IN PART and DENIED IN PART. Within fourteen (14) days after the

---

[18] *See* docket no. 12.

[19] *See* docket no. 39.

date of this order, Plaintiff shall submit its proposed scheduling order to the court by e-mail to utdecf_warner@utd.uscourts.gov.

IT IS SO ORDERED.

DATED this 14th day of March, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge