# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **VOX MARKETING GROUP, LLC**, a Utah limited liability company,<br><br>    **Plaintiff**,<br><br>v.<br><br>**PRODIGY PROMOS L.C.**, a Utah limited liability company; et al.,<br><br>    **Defendants**.<br>_____<br><br>**PRODIGY PROMOS L.C.**, a Utah limited liability company,<br><br>    **Counterclaim Plaintiff**,<br><br>v.<br><br>**VOX MARKETING GROUP, LLC**, a Utah limited liability company; et al.,<br><br>    **Counterclaim Defendants**. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br><br><br>Case No. 2:18-cv-00632-HCN-PMW<br><br><br><br><br><br><br><br><br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Chief Magistrate Judge Paul M. Warner** |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Prodigy Promos, L.C.; Jason Marsh; Jon Priday; Tyler Fredrickson; Eric Oldson; Spencer Oldson; and Michael Perley's (collectively, "Prodigy

---

[1] *See* docket nos. 28, 57.

Defendants") motion for leave to amend their answer.[2] Plaintiff and Counterclaim Defendant Vox Marketing Group, LLC and Counterclaim Defendants Christopher S. Rollins, Alex Wolfe, Aaron Scott, and Shane Brady (collectively, "Vox Parties") oppose the motion. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## ANALYSIS

The Prodigy Defendants' motion is brought under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted). The court will address those factors in turn.

---

[2] *See* docket no. 55.

2

**I.      Undue Delay**

The Prodigy Defendants assert that their motion is timely because they only recently discovered the basis of their proposed amendment.  Notwithstanding the Vox Parties' arguments to the contrary, the court accepts the Prodigy Defendants' assertion as being made in good faith.  Furthermore, the court notes that there is no trial date scheduled in this case and, according to the most recently entered scheduling order, trial is not expected to begin until the third quarter of 2020.  Under those circumstances, the court cannot say that the Prodigy Defendants' motion for leave to amend is untimely or was unduly delayed.

**II.     Undue Prejudice**

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  Importantly, the Vox Parties have not presented any arguments concerning prejudice.  Accordingly, the court is left to conclude that the Vox Parties would not be prejudiced by the Prodigy Defendants' proposed amendment.

**III.    Bad Faith or Dilatory Motive**

The Vox Parties argue that the Prodigy Defendants' motion for leave to amend is being brought in bad faith.  The Vox Parties argue that, prior to removal of the action to this court, the Prodigy Defendants twice amended their counterclaim without seeking or obtaining leave of court.  The Vox Parties contend that the Prodigy Defendants are now attempting to obtain approval for those amendments by indicating in their current proposed amendment that their previously asserted amended counterclaim is incorporated by reference into their current proposed amendment.  The Vox Parties contend that, through the instant motion, the Prodigy

Defendants are attempting to "sneak the amended counterclaim in through the back door,"[3] which evidences bad faith.

The Vox Parties admit that they answered the Prodigy Defendants' amended counterclaim. In that answer, the Vox Parties indicated that the Prodigy Defendants' amended counterclaim was "out of order and should be stricken" and that the Vox Parties "reserve[d] all objections to the improper filing of the Amended Counterclaim."[4] Importantly, however, the Vox Parties have never moved the court for any relief regarding the Prodigy Defendants' amended counterclaim, even in the face of the instant motion. If the Vox Parties truly believed that the Prodigy Defendants' amended counterclaim was "out of order and should be stricken,"[5] the Vox Parties should have filed a motion seeking that relief. Instead, the Vox Parties appear to be asking the court to strike or disallow the Prodigy Defendants' amended counterclaim through their opposition to the instant motion, which is not permitted under this court's local rules. *See* DUCivR 7-1(b)(1)(A) ("No motion, including but not limited to cross-motions and motions pursuant to Fed. R. Civ. P. 56(d), may be included in a response or reply memorandum. Such motions must be made in a separate document."). Under those circumstances, the court cannot conclude that the Prodigy Defendants' are attempting in bad faith to "sneak the amended counterclaim in through the back door."[6]

---

[3] Docket no. 63 at 10-11.

[4] Docket no. 23 at 2.

[5] *Id*.

[6] Docket no. 63 at 10-11.

## IV. Failure to Cure Deficiencies in Previous Amendments

Given the Prodigy Defendants' assertion that they only recently learned of the basis for their proposed amendment, which the court accepts as being made in good faith, the court concludes that there has not been any failure on the part of the Prodigy Defendants to cure deficiencies in previous amendments.

## V. Futility of Amendment

The Vox Parties argue that the Prodigy Defendants' proposed amendment is futile. The Vox Parties also argue that the basis for the Prodigy Defendants' proposed amendment is contrary to the evidence.[7]

At this juncture, the court cannot conclusively determine whether the Prodigy Defendants' proposed amendment is futile. As to the Vox Parties' argument that the basis for the Prodigy Defendants' proposed amendment is contrary to the evidence, the court concludes that said argument is without merit. In the court's view, those determinations would be best made through a dispositive motion or at trial. Indeed, "[a] futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).

## **CONCLUSION AND ORDER**

After considering the relevant factors, and given the liberal standard for allowing leave to amend pleadings, the court concludes that the Prodigy Defendants should be provided with leave

---

[7] Although the Vox Parties present this argument on the element of bad faith, the court believes it is directed more appropriately to futility of amendment.

to amend their answer. Accordingly, IT IS HEREBY ORDERED that the Prodigy Defendants' motion for leave to amend their answer[8] is GRANTED. The Prodigy Defendants shall file their amended answer within fourteen (14) days after the date of this order.

      IT IS SO ORDERED.

      DATED this 19th day of September, 2019.

                                BY THE COURT:

                                PAUL M. WARNER
                                Chief United States Magistrate Judge

---

[8] *See* docket no. 55.