# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **VOX MARKETING GROUP, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**PRODIGY PROMOS L.C.**, a Utah limited liability company; et al.,<br><br>Defendants.<br>_____<br><br>**PRODIGY PROMOS L.C.**, a Utah limited liability company,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>**VOX MARKETING GROUP, LLC**, a Utah limited liability company; et al.,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br><br><br>Case No. 2:18-cv-00632-HCN-PMW<br><br><br><br><br><br><br><br><br><br><br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Chief Magistrate Judge Paul M. Warner** |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Prodigy Promos, L.C.; Jason Marsh; Jon Priday; Tyler Fredrickson; Eric Oldson; Spencer Oldson; and Michael Perley's (collectively, "Prodigy

---

[1] *See* docket nos. 28, 57.

Defendants") motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that the Prodigy Defendants' motion does not comply with the short form discovery motion procedure set forth in Civil Rule 37-1 of the Rules of Practice for the United States District Court for the District of Utah. That rule, which governs any discovery disputes arising under Rules 26-37 and 45 of the Federal Rules of Civil Procedure, requires a party to file a short form discovery motion to have a discovery dispute resolved by court order. *See* DUCivR 37-1(a)(3). Any such motion may not exceed 500 words. *See id.* The Prodigy Defendants' motion far exceeds that word-count limit. Although the court will consider the Prodigy Defendants' motion in this instance, they are directed to strictly comply with Civil Rule 37-1 for any future discovery disputes.

Before addressing the above-referenced motion, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[2] *See* docket no. 67.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## ANALYSIS

In their motion, the Prodigy Defendants seek an order compelling Plaintiff and Counterclaim Defendant Vox Marketing Group, LLC ("Vox") to respond to the Prodigy Defendants' requests for production no. 19-21 (collectively, "Requests No. 19-21"). Requests No. 19-21 generally seek production of certain source code and configuration files ("Code") from Vox. Vox objected to Requests No. 19-21 and opposes the Prodigy Defendants' motion.

Prior to serving the Requests, the Prodigy Defendants served request for production no. 18 ("Request No. 18"), which also generally sought production of the Code. Vox initially objected to Request No. 18, but the parties eventually reached an agreement that allowed the Prodigy Defendants' expert, Jeremy Cloward ("Cloward"), to inspect the Code in lieu of production of the Code. Cloward conducted the inspection of the Code and, according to Vox, one of its representatives was present during the inspection to answer Cloward's questions and assist with the inspection. Vox also contends that it provided Cloward with unlimited time to inspect the code and did not hamper or interfere with the inspection.

Several months later, the Prodigy Defendants raised with Vox the issue of a follow-up inspection of the Code. The parties engaged in some discussions about a follow-up inspection, but it appears that such an inspection never took place. Subsequently, the Prodigy Defendants served Requests No. 19-21 on Vox.

In response to the Prodigy Defendants' motion, Vox argues that it should not be required to respond to Requests No. 19-21 because it has already satisfied its production obligations related to the Code by way of the parties' agreement on Request No. 18. The court agrees. As noted above, the Prodigy Defendants agreed that inspection of the Code in lieu of production would be sufficiently responsive to Request No. 18. The court concludes that the Prodigy Defendants cannot now demand another form of production of the Code through Requests No. 19-21. Requiring the Vox Parties to make a second form of production of the same information would violate Rule 34(b)(2)(E)(iii) of the Federal Rules of Civil Procedure, which provides that "[a] party need not produce the same electronically stored information in more than one form." *See* Fed. R. Civ. P. 34(b)(2)(E)(iii).[3] By reaching the agreement with respect to Request No. 18, the Prodigy Defendants forfeited their right to demand production in a different form. *See, e.g.*, *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 527 (D.N.M. 2014).

For those reasons, the Prodigy Defendants' motion to compel[4] is DENIED.

IT IS SO ORDERED.

DATED this 20th day of November, 2019.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[3] As the Vox Parties have correctly noted, this rule, under which Requests No. 19-21 were propounded, contains the same language as the corresponding Utah Rule of Civil Procedure, under which Request No. 18 was propounded. *See* Utah R. Civ. P. 34(c)(3).

[4] *See* docket no. 67.